# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

Richard A. Schmidt,

Plaintiff,

v. Case No. 26-cv-1094

Columbia, Wisconsin,
and, each in his Individual Capacity,
Jordan Haueter and Jordan Jones,

Defendants.

# COMPLAINT

## I. NATURE OF ACTION

101. This is a civil rights action arising out of the unlawful seizure of the person of the Plaintiff, by the individual Defendants, in violation of the Plaintiff's rights to be free from retaliation for observing the workings of government agencies and officials and to be free from detention without reasonable suspicion and arrest without probable cause, secured to him by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

## II. JURISDICTION AND VENUE

201. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 1343(a)(3) (42 U.S.C. § 1983 jurisdiction).

202. The Western District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Western District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## III. PARTIES

### A. Plaintiff

301. The Plaintiff, Richard A. Schmidt, is a natural person with the capacity to sue and be sued in this Court.

### B. Defendants

#### 1. Jordan Haueter.

302. Defendant Jordan Haueter is an adult resident of Wisconsin.

303. At all times relevant to this lawsuit, Defendant Jordan Haueter was employed as a Deputy Sheriff for Columbia County.

304. At all times relevant to this lawsuit, Defendant Jordan Haueter was acting under color of law within the meaning of 42 U.S.C. § 1983, and within the scope of his employment as that term is used in Wis. Stats. §895.46.

2. Jordan Jones.

305. Defendant Jordan Jones is an adult resident of Wisconsin.

306. At all times relevant to this lawsuit, Defendant Jordan Jones was employed as a Deputy Sheriff for Columbia County, Wisconsin.

307. At all times relevant to this lawsuit, Defendant Jordan Jones was acting under color of law within the meaning of 42 U.S.C. § 1983, and within the scope of his employment as that term is used in Wis. Stats. § 165.92(3).

3. Columbia County.

308. Defendant Columbia County, Wisconsin, is a Wisconsin county with the capacity to sue and be sued in this Court. Defendant Columbia County is liable for the unlawful acts of Defendants Jordan Haueter and Jordan Jones because they were acting within the scope of their employment pursuant to Sec. 895.46, Wis. Stats. The Plaintiff does not allege that the wrongful acts alleged herein were carried out pursuant to a custom or policy of Columbia County.

## IV. ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401. On March 27. 2024, the Plaintiff, Richard A. Schmidt went to the Columbia County Courthouse, to the Branch II courtroom, because he had been summoned for jury duty.

402. The case heard that day was presided over by Circuit Judge W. Andrew Voigt.

403. The case for which a jury was selected in Judge Voigt's court that day was the criminal prosecution of a black male inmate for an alleged battery against a correctional officer in a state prison.

404. Mr. Schmidt was not selected for the jury.

405. After the jury was selected, Judge Voigt told the people who had been summoned for jury duty but not been selected that they were free to go, but that if they wished to remain and watch the trial, they were free to do that, as well.

406. Mr. Schmidt has been a civically engaged individual for much of his life. He was chairman of the Town Board in the Town of Dekorra for 6 years. He had never seen a jury trial from beginning to end, and he elected to stay.

407. Mr. Schmidt watched all phases of the trial until the jury was sent out to deliberate upon their verdict at approximately six o'clock p.m.

408. He then intended to simply sit in the courtroom and wait until the jury returned and announced its verdict.

409. While he was waiting in the courtroom, the individual Defendants, Deputies Jordan Haueter and Jordan Jones, approached Mr. Schmidt and directed him to go to the hallway outside the courtroom with them.

410. Mr. Schmidt had done nothing to attract their attention and he did not wish to go anywhere with them, but they told him that if he did not accompany them to the hallway, they would tackle him and carry him out of the courtroom.

411. Because of that threat of force, Mr. Schmidt went into the hallway with the deputies.

412. Mr. Schmidt remained in the custody of the deputies for several minutes.

413. In the hallway, the deputies accused Mr. Schmidt of having smuggled something into the courtroom and searched him thoroughly.

414. Mr. Schmidt had not smuggled or otherwise transported anything into the courthouse but the clothes on his person.

415. In fact, in preparation to pass more easily through the metal detection device that was part of the security screening at the entrance to the courthouse for all persons, including prospective jurors, Mr. Schmidt lad left all of the items he ordinarily carried on his person back in his car. He had even left his belt behind and had tied a length of twine through his belt loops to hold up his pants.

416. The Defendant deputies found nothing on Mr. Schmidt's person and released him from their custody.

417. The Defendant deputies seized Mr. Schmidt completely or partially because he had accepted Judge Voigt's invitation to remain in the courtroom and watch the trial, to which he had been summoned as a prospective juror, to learn how criminal trials in his county were carried out.

418. Mr. Schmidt returned to the courtroom, took his previous place in the spectator section, and waited for the jury to return with its verdict, after which Judge Voigt excused the jurors and Mr. Schmidt went home.

## V. BASIS OF LIABILITY

### A. First Amendment.

501. The individual Defendants, Jordan Haueter and Jordan Jones, violated Richard A. Schmidt's right to be free from any seizure carried out in retaliation for the exercise of an individual's First-Amendment rights, when they seized his person completely or partially because he had accepted Judge Voigt's invitation to remain in the courtroom and watch the trial, to which he had been summoned as a prospective juror, to learn how criminal trials in his county were carried out. *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) ("*Press–Enterprise II*").

### B. Fourth Amendment.

1. False Arrest.

502. The individual Defendants, Jordan Haueter and Jordan Jones, violated Richard A. Schmidt's right to be free from unreasonable seizure when they seized his person without reasonable suspicion or probable cause to believe he had committed an offense.

### C. Sec. 895.46, Wis. Stats.

503. Defendant Columbia County, Wisconsin, is liable for the unlawful acts of the individual Defendants because they were acting within the scope of their employment pursuant to Sec. 895.46, Wis. Stats. The Plaintiff does not allege that the

wrongful acts alleged herein were carried out pursuant to a custom or policy of Columbia County.

## VI. DAMAGES.

### A. Compensatory Damages.

601. By virtue of the unlawful actions of the individual Defendants alleged above, Plaintiff Richard A. Schmidt suffered loss of liberty, physical and emotional pain, and distress, for which he seeks an award of compensatory damages in an amount deemed just by the Court.

### B. Punitive Damages.

602. Because the acts of the individual Defendants herein alleged were carried out maliciously or with reckless disregard for Mr. Schmidt's fundamental rights, the Plaintiff seeks an award of punitive damages against the individual Defendants to deter them and others similarly situated from similar wrongful acts in the future.

## VII. CONDITIONS PRECEDENT

701. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII. REQUEST FOR TRIAL BY JURY

801. The Plaintiff requests trial by a jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the court to grant a judgment against the Defendants awarding him damages, costs, attorney's fees and such other and further relief as the Court deems just.

Dated this Friday, November 06, 2026.

Respectfully submitted,

Richard A. Schmidt,

Plaintiff

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
1025 Quinn Dr, Suite 500
Waunakee, WI 53597
Phone: 608 283-6001
Fax: 608 283 0945
E-mail: jsolson@scofflaw.com

/s/ Jeff Scott Olson

Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF